Saul D. Zabell (SZ 2738)
ZABELL & ASSOCIATES, P.C.
700 Lakeland Avenue
Bohemia, NY 11716
Tel. (631) 756-0400
Fax (631) 563-7475

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
HARRY MANDEL,

                        Plaintiff,

    - against -

STERLING TESTING SYSTEMS, INC.,

                       Defendant.
-----------------------------------------------------------X

Docket No.

COMPLAINT

Jury Trial Demanded

       Plaintiff **HARRY MANDEL**, by and through his attorneys, **ZABELL & ASSOCIATES, P.C.**, complains and alleges as follows:

### I.    PRELIMINARY STATEMENT

1. Plaintiff brings this action to recover monetary, affirmative, and injunctive relief based upon Defendant's violations of the Age Discrimination in Employment Act of 1967, as amended, (hereinafter, "ADEA"), 29 U.S.C. § 621, *et seq.*, the New York State Human Rights Law, Executive Law §290 *et seq.* (hereinafter "NYSHRL"), and the New York City Human Rights Law N.Y.C. Admin. Code § 8-101 *et. seq.* and other appropriate rules, regulations, statutes and ordinances.

### II.    JURISDICTION AND VENUE

2. This court has jurisdiction over this action pursuant to 29 U.S.C. § 626(c)(1), 28 U.S.C. §§ 1331 and 1337.

1

3. This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. §1367.

4. This action properly lies in the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1391 because the unlawful employment practices alleged herein occurred in this district.

5. This court has power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

6. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") and brings this action within ninety (90) days of the receipt of a Notice of Right To Sue, issued by the EEOC on April 29, 2005, a true and accurate copy of which is attached hereto as **EXHIBIT "A."**

### III.   PARTIES

7. Plaintiff, **HARRY MANDEL**, (hereinafter "**MANDEL**" or "Plaintiff"), is a male citizen of the State of New York, currently residing in the county of Nassau at 110 Georgia Avenue, Syosset, NY 11791.

8. At all times relevant to the Complaint, Plaintiff has been an "employee" within the meaning of 29 U.S.C. §§ 630(a) and 631(b) and a "person" within the meaning of Section 292(1) of the NYSHRL.

9. Upon information and belief, Defendant, **STERLING TESTING SYSTEMS, INC.** (hereinafter **"STERLING TESTING SYSTEMS"** or "Defendant"), is a foreign business corporation organized and existing under the laws of the State of Delaware and is qualified and authorized to do business in New York.

10. Based upon information and belief, Defendant, is doing business in New York County at 249 West 17th Street, New York, NY 10011.

11. Upon information and belief, **STERLING TESTING SYSTEMS** is an "employer" within the meaning of 29 U.S.C. § 630(b) and Section 292 of the NYSHRL.

### III.   FACTS

12. Plaintiff was born on October 19, 1946 and is currently fifty-eight (58) years old.

13. Plaintiff has worked in sales most of his business career.

14. Plaintiff is highly qualified for any sales position.

15. Plaintiff was denied a sales position with Defendant on the basis of his age.

16. On or about October 21, 2004, plaintiff attended a job interview with Sterling Testing Systems.

    a. Plaintiff met with Linda "Doe" and interviewed for an inside sales position.

    b. Linda "Doe" explained to plaintiff, the interview was a three (3) step process.

    c. Plaintiff took an IQ test.

    d. Linda "Doe" advised plaintiff if he did well on the IQ test, he would be invited back for a second interview.

17. A few days later, plaintiff called Linda "Doe" and was advised,

    a. He scored high on the IQ test and

    b. Would be contacted by Charles Cafaro (hereinafter "Cefaro"), the Human Resource Director to set-up an interview.

18. On or about November 4, 2004, Plaintiff met with Cefaro for a second interview. Cefaro advised plaintiff:

    a. Plaintiff scored very high on the IQ test and

    b. Plaintiff needed to take a personality and salesmanship tests.

19. That same day, plaintiff took a personality and salesmanship tests. Cafaro advised plaintiff:

    a.  Paintiff did exceptionally well on the personality and salesmanship tests and

    b.  Cefaro would give plaintiff's file to the vice president of sales to set-up a final interview.

20. Cafaro was so impressed with plaintiff, he tried to set up a final interview with the vice president of sales that same day.

21. The vice president of sales was unable to meet with plaintiff that day and Cafaro advised plaintiff he would receive a call to schedule the final interview.

22. A week later, plaintiff called Cefaro and left a voice mail message.

23. Cefaro did not return plaintiff's call.

24. On or about November 19, 2004, plaintiff called Cefaro again to inquire about the final interview.  Cefaro advised plaintiff the vice president of sales didn't think he was a "good fit" and was a stickler for having the "right fit."

25. During the application process for the inside sales position, plaintiff provided defendant with his social security number and driver's license which revealed plaintiff's age.

26. During the interview process plaintiff saw that defendant's employees and the other job candidates were under thirty (30) with a few employees under forty (40).

## V.   CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
(Age Discrimination - "ADEA")

27. Plaintiff repeats and realleges each and every allegation contained herein.

28. Plaintiff has been discriminated against by defendant based in part on his age in violation of the ADEA, in that defendant engaged in a course of conduct, which included failure to hire plaintiff based in part on plaintiff's age.

29. As a proximate result of defendant's discrimination, plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits, all to plaintiff's damage, to date in an amount to be determined at trial.

### SECOND CLAIM FOR RELIEF
(NYSHRL - Age Discrimination)

30. Plaintiff repeats and realleges each and every allegation contained herein.

31. Plaintiff has been discriminated against by defendant based in part on his age in violation of the NYSHRL, in that defendant engaged in a course of conduct, which included failure to hire plaintiff based in part on plaintiff's age.

32. As a proximate result of defendant's discrimination, plaintiff has suffered and continues to suffer substantial loss of past earnings, bonuses, other employment benefits, all to plaintiff's damage, to date in an amount to be determined at trial.

33. As a further proximate result of defendant's actions, plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all to plaintiff's damage in an amount to be determined at trial.

### SECOND CLAIM FOR RELIEF
(NYCHRL - Age Discrimination)

34. Plaintiff repeats and realleges each and every allegation contained herein.

35. Plaintiff has been discriminated against by defendant based in part on his age in violation of the NYCHRL, in that defendant engaged in a course of conduct, which included failure to hire plaintiff based in part on plaintiff's age.

36. As a proximate result of defendant's discrimination, plaintiff has suffered and continues to suffer substantial loss of past earnings, bonuses, other employment benefits, all to plaintiff's damage, to date in an amount to be determined at trial.

37. As a further proximate result of defendant's actions, plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all to plaintiff's damage in an amount to be determined at trial.

## VI.   PLAINTIFF'S DEMAND FOR A JURY TRIAL

38. Plaintiff repeats and realleges each and every allegation contained herein.

39. Plaintiff hereby demands a trial by jury in this action.

## VII.   PRAYER FOR RELIEF

WHEREFORE, as a result of the discriminatory conduct and actions of the defendant herein alleged, plaintiff demands judgment:

a.   Declaring defendant violated the aforementioned statutes;

b.   Issue a permanent injunction enjoining defendant, its agents, employees, officers, and successors in interest, and those acting in concert with defendant, from engaging in the illegal and unlawful customs, policies, and practices described herein;

c.   Plaintiff be made whole in the form of back pay, bonuses, and afforded all benefits that would have been afforded plaintiff but for said discrimination in the amount, to be determined at trial;

d.      Plaintiff be made whole in the form of front pay, bonuses, and afforded all benefits, where applicable, that would have been afforded Plaintiff but for said discrimination in an amount to be determined at trial;

e.      Defendant pay Plaintiff liquidated damages, where applicable, in an amount, to be determined at trial;

f.      Defendant pay Plaintiff compensatory damages, where applicable, in an amount be determined at trial;

g.      An award of Plaintiff's cost of suit, including his reasonable attorney's fees;

h.      Defendant be ordered to pay Plaintiff pre and post judgment interest, where applicable;

i.      Reinstatement of plaintiff to former position; and

j.      Such other and further relief as the court deems just and proper.

Dated: Bohemia, New York
       July 6, 2005

                                  ZABELL & ASSOCIATES., LLP
                                  Attorneys for Plaintiff

                                  By: _____
                                      Saul D. Zabell (SZ - 2738)